IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DR. AHMAD IRSHAD ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| THE TRAVELERS INDEMNITY COMPANY ) | |
|  d/b/a TRAVELERS PERSONAL ) | Div.: _____ |
|  INSURANCE COMPANY, ) | |
| ) | |
| Serve:  The Travelers Indemnity Company ) | |
|    One Tower Square, ) | **JURY TRIAL DEMANDED** |
|    Hartford, CT 06183 ) | |
| ) | |
|    **Defendant.** ) | |
| ) | |

## COMPLAINT

  COMES NOW Plaintiff Dr. Ahmad Irshad, by and through his undersigned counsel AEGIS Law, and for his Complaint against Defendant Travelers Personal Insurance Company, states:

  1. Plaintiff Dr. Ahmad Irshad ("Dr. Irshad") is a citizen of the state of Missouri and at all times relevant herein maintained a residence in St. Louis County, Missouri.

  2. Defendant Travelers Personal Insurance Company ("Travelers") is incorporated in Connecticut with its principal place of business at One Tower Square, Hartford, CT.

  3. Travelers is an insurance company issuing, among other types, residential policies of property and casualty insurance. Defendant is authorized to issue policies of insurance in Missouri by the Missouri Department of Insurance.

  4. Travelers and Dr. Irshad are citizens of different States and the amount in controversy exceeds seventy-five thousand dollars ($75,000) therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(1).

5.     A substantial part of the events or omissions giving rise to the claims alleged herein occurred and a substantial part of property that is the subject of the action is situated in this judicial district therefore, venue is proper in this Court pursuant to 28 U.S. Code § 1391(b)(2).

**COUNT I – BREACH OF CONTRACT**

6.     Dr. Irshad repeats and realleges paragraphs 1 through 5 as if fully set forth herein.

7.     Dr. Irshad is the owner of a condominium unit located at 1921 Hunting Lake Ct., Kirkwood, Missouri (the "Unit").

8.     On June 23, 2022, Dr. Irshad entered into a contract with Travelers for insurance of real and personal property covering the Unit.

9.     The contract, Traveler's policy #609571636 636 1 (hereinafter the "Policy"), insures Dr. Irshad against "direct physical loss" to certain property at the residence premises. A true and accurate copy of the Declaration Pages of the Policy is attached hereto as **Exhibit 1**.

10.    At all times relevant herein, Dr. Irshad performed or carried out all his obligations under the Policy, including but not limited to, payment of premiums, mitigation of loss, and promptly providing notice and information to Travelers.

11.    On December 27, 2022, Dr. Irshad was working out of town in northwestern Missouri covering hospital shifts over the Christmas Holidays.

12.    Ms. Erika Gestrich, the president of the Greenbriar Condominium Association, noticed water coming from under the Unit's garage door.

13.    Ms. Gestrich attempted to contact Dr. Irshad.  Her message stated that the water to the Unit had been turned off, but that the association had no way to enter the Unit and assess the cause and/or any damages.

14.    Ms. Gestrich called for a locksmith and a plumber to come to the Unit and met them when they arrived.

15.    The locksmith opened the door to the Unit and allowed Ms. Gestrich and the plumber to enter the Unit.  The locksmith did not enter the Unit.

16. Mr. Gestrich and the plumber entered the Unit and discovered extensive water damage to the Unit and personal property located in the Unit.

17. Upon information and belief, the plumber determined that the likely source of the water was two burst pipes, one located in the upstairs bathroom, and one located in the kitchen of the Unit.

18. Upon information and belief, the plumber repaired the burst pipes and left the Unit about two (2) hours later.

19. Upon information and belief, after the plumber finished repairing the pipes, Ms. Gestrich allowed the plumber to leave and locked the door to the Unit.

20. On December 27, 2023, Dr. Irshad made claim number IYP6966 for loss and damage to property covered under the Policy (the "Claim").

21. Shortly thereafter Dr. Irshad worked with representatives of Travelers to process his claim.

22. On March 9, 2022, Travelers sent Dr. Irshad a letter denying coverage for the Claim.

23. Travelers breached its contract with Dr. Irshad in that it failed to discharge its duties to Dr. Irshad under the Policy, including but not limited to, promptly investigating, and paying Dr. Irshad's valid claims, giving Dr. Irshad notice regarding the status of his claims, and failing to co-operate with Dr. Irshad in good faith to resolve the breach.

24. Travelers's breach of the Policy has damaged Dr. Irshad in that Dr. Irshad has suffered at least $75,000 in damages, some he has been forced to pay from its own pocket in order continue living in the Unit.

WHEREFORE, Plaintiff Dr. Ahmad Irshad prays this Court enter judgment in its favor and against Travelers Personal Insurance Company for damages in excess of $75,000.00 to be determined at trial, interest thereon, reasonable attorney's fees, the costs associated with this action and such further relief as the Court deems just and proper.

## COUNT II – VEXATIOUS REFUSAL TO PAY

25. Dr. Irshad repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to RS Mo. §375.420 (the "Missouri Vexatious Refusal Statute"), in any action against an insurance company to recover the amount of any loss under a policy of insurance if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the finder of fact may award additional damages, and a reasonable attorney's fee.

27. The instant action by Dr. Irshad is to recover the amount of a loss under Travelers' policy of insurance.

28. Travelers has refused and continues to refuse to pay Dr. Irshad's valid claims for loss under the Policy in excess of seventy-five thousand dollars ($75,000).

29. Travelers refused to pay Dr. Irshad's losses without reasonable cause or excuse, suddenly denying the Claim seventy-two days after it was made by Dr. Irshad.

30. Under the Missouri Vexatious Refusal Statute, Dr. Irshad is entitled to at least seven thousand six hundred and fifty dollars ($7650.00) in additional damages due to Travelers' vexatious refusal to pay Dr. Irshad's claims.

31. Under the Missouri Vexatious Refusal Statute, Dr. Irshad is entitled to reasonable attorney's fees due to Travelers' vexatious refusal to pay his valid claims.

32. As a result of Travelers's vexatious refusal to pay his valid claims, Dr. Irshad has suffered damages in excess of $75,000 and is entitled to additional damages under the Missouri Vexatious Refusal Statute of at least $7,650.00.

WHEREFORE, Plaintiff Dr. Ahmad Irshad, prays this Court enter judgment in its favor and against Travelers Personal Insurance Company for damages in excess of $75,000.00 to be determined at trial, interest thereon, additional and punitive damages in an amount to be determined at trial to deter such future conduct, reasonable attorney's fees, the reasonable costs associated with this action and such further relief as the Court deems just and proper.

4

**JURY DEMAND**

33. Dr. Irshad respectfully request a trial by jury on all matters so triable herein.

        Respectfully submitted,

        /s/Christopher A. Thornton
        _____
        Christopher A. Thornton
        AEGIS Law – MO #48076
        601 S. Lindbergh Blvd. Frontenac, Missouri 63131
        (314) 276-3482
        cthornton@aegislaw.com